UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| DOYLE LYNN TEAGUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 4:05-CV-48/4:03-CR-46 |
| v. | ) | |
| | ) | Edgar/Carter |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on a motion filed by Doyle Lynn Teague ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). As relevant here, Petitioner alleges he was denied his right to a direct appeal because his counsel rendered ineffective assistance by not filing a direct appeal. The resolution of disputed factual issues relating to Petitioner's claim of ineffective assistance of counsel due to his counsel's alleged failure to file a direct appeal was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) (Court File No. 6). On October 20, 2008, the Court held an evidentiary hearing and heard argument regarding the referred issues.

After reviewing the evidence and argument of counsel, I find Petitioner failed to demonstrate he received ineffective assistance of counsel, and I **RECOMMEND** that his § 2255 motion, dealing with the issue of ineffective assistance of counsel due to a failure to file a direct appeal, be **DENIED** (Court File No. 1).

I.     FACTS

At his sentencing hearing before Judge R. Allen Edgar on August 9, 2004, Petitioner was sentenced to 200 months. During the hearing, Petitioner's counsel D. Mitchell Bryant ("Mr. Bryant") made statements demonstrating he had discussed the possibility of an appeal with his client (*See* August 9, 2004 sentencing hearing transcript, submitted as Petitioner's Exhibit 1 at the October 20, 2008 evidentiary hearing, p. 4) (Mr. Bryant: "I think as I explained to [Petitioner] if he wanted to bring an appeal on his sentence at some point in time and he did not object to [a reckless endangerment sentence enhancement] at the sentencing hearing before the sentencing hearing (sic) he would be waiving that [right].") Later in the hearing, the sentencing court instructed Petitioner as follows: "Mr. Teague, you do have the right to appeal your sentence. If you wish to appeal it, discuss that with your attorney, and a notice of appeal will have to be filed within 10 days if you want to appeal." (*Id.*, p. 10).

On July 14, 2005, Petitioner filed a § 2255 motion to vacate, set aside, or correct his sentence based upon ineffective assistance of counsel due to counsel's failure to file a notice of appeal (Court File No. 1). In that § 2255 motion and the supporting memorandum, Petitioner alleged that on or about August 10, 2004, Petitioner instructed his counsel to pursue an appeal and that request was ignored (Court File Nos. 1, p. 2; 2, pp. 18-19, 21).

On October 20, 2008, an evidentiary hearing was held to provide the parties an opportunity to produce evidence relating to Petitioner's claim of ineffective assistance of counsel. Petitioner did not testify at the evidentiary hearing. Petitioner's former counsel, D. Mitchell Bryant, was the sole witness to testify at that hearing. Mr. Bryant testified that he did not recall any conversation with Petitioner after sentencing regarding the filing of a notice of appeal. Although Mr. Bryant did not recall many specific details from his representation of Petitioner (which occurred more than four

years prior to the hearing), he testified that a client's request for the filing of an appeal is taken very seriously. Had Petitioner requested a notice be filed, Mr. Bryant would have done so.

Furthermore, Mr. Bryant referenced two pieces of correspondence from his file on Petitioner which bear mentioning here. First, a relative of Petitioner, Janice Teague, faxed Mr. Bryant a request on November 12, 2004 to have discovery materials and documentation in the case sent to Petitioner (Court File No. 10, Exhibit 1). Later that month, Mr. Bryant received a letter dated November 28, 2004 from Petitioner requesting similar documentation (*id.*, Exhibit 2). In that letter, Petitioner referenced his intent to organize information for an appeal, but did not instruct Mr. Bryant to file a notice of appeal at that time nor was any reference made which would indicate Petitioner had previously requested Mr. Bryant to do so (*see id.*).

## II.     STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a [petitioner] must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Where, as here, a petitioner alleges he or she was denied effective assistance of counsel to pursue the direct appeal of his or her sentence, the petitioner has the burden to demonstrate (1) counsel's deficient representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The core issue in this inquiry is whether the criminal defendant received reasonably effective assistance of counsel in fulfillment of his or her Sixth Amendment right. *See* U.S. Const. amend. VI; *Strickland*, 466 U.S. at 687 (1984). This Sixth Amendment right ensures that criminal defendants receive a fair trial; it does not ensure defendants

3

receive flawless or error-free counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481, 483 (2000).

The United States Supreme Court in *Roe v. Flores-Ortega* articulated the appropriate application of the *Strickland* reasonableness standard to two factual circumstances which might arise based upon an alleged failure of counsel to pursue an appeal. 528 U.S. at 470. First, if a client gives specific instructions to his or her counsel to file a notice of appeal and that counsel fails to do so, the counsel's conduct falls below the standard of reasonableness set forth in *Strickland* and the petitioner's motion is granted. *Roe*, 528 U.S. at 477. In such a situation, a lawyer's "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment," without regard to the probability of success on the appeal. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.").

Second, if the client does not instruct his or her counsel to file a notice of appeal, the court must then consider whether counsel's interaction with his or her client is objectively reasonable based upon the facts of the case under review. *Roe*, 528 US. at 478-79. This inquiry is heavily fact-specific. *See id.* at 477.

In some circumstances, counsel will be required to consult with his or her client concerning the possibility for an appeal. Although there is no bright-line rule encompassing all circumstances under which it is objectively reasonable to consult with a client, consultation is required where either (1) a rational defendant would want to appeal (e.g. non-frivolous grounds for an appeal exist), or (2) this particular defendant reasonably demonstrated to counsel that he or she was interested in appealing. *Id.* at 479. Where consultation is warranted, a court must consider whether counsel sufficiently consulted with his or her client, meaning whether he or she "advis[ed] the defendant

4

about the advantages or disadvantages of taking an appeal, and ma[de] a reasonable effort to discover the defendant's wishes." *Id.* at 478.

In other circumstances, counsel's failure to consult with his or her client concerning an appeal may be objectively reasonable. *Id.* at 479. The Supreme Court provided two examples where such a case may arise. The first example involves a straightforward guilty plea, where the defendant expresses no interest in an appeal and there are no non-frivolous grounds for such an appeal. The second involves a situation where the sentencing judge provides the defendant with notice of his or her right to appeal which is "so clear and informative as to substitute for counsel's duty to consult." *Id*. In both cases, counsel's failure to consult with his or her client concerning an appeal could be objectively reasonable and not constitute deficient performance on the part of counsel. *See id.* at 478-80.

Ultimately, a court must consider the objective reasonableness of the consultation, or lack of consultation, based upon the facts of each individual case. *See id*. It is a petitioner's burden to prove any claim asserted in support of the position that counsel's conduct was not objectively reasonable, thus depriving the petitioner of effective assistance of counsel in satisfaction of his or her Sixth Amendment right. *See Bowers v. Battle*, 568 F.2d 1, 5 (6th Cir. 1977), *cert. denied* 436 U.S. 910 (1978); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

### III.  APPLICATION

Petitioner alleges two distinct grounds in support of the allegation that he received ineffective assistance of counsel from a failure of his counsel to file a notice of appeal (Court File No. 2, p. 21). First, Petitioner alleges he instructed his counsel to file a notice of appeal, and his counsel failed to do so (*id.*). Second, Petitioner argues his counsel did not consult with him concerning his right to

5

an appeal (*id.*). The Court addresses these grounds in turn.

### A. Failure to file a notice of appeal

Petitioner first alleges that he instructed counsel to file a notice of appeal "on or about August 10, 2004" and counsel failed to do so (Court File No. 2, p. 18). Petitioner provides no further details as to this instruction. Petitioner does not explain exactly when or where he allegedly made the request - for example, whether the request was made immediately after his sentencing; or, while in custody at the courthouse, in transit, or in prison. Petitioner does not state whether the request was made in person, by letter, or whether a third party communicated that request to his attorney. Petitioner does not provide any evidence that corroborate his assertion that he instructed his attorney to file a notice of appeal.

Petitioner's factual assertion that he instructed his counsel to file a notice of appeal is disputed. His former counsel, Mr. Bryant, testified at the October 20, 2008 evidentiary hearing that he did not recall any instruction from Petitioner that he file an appeal, nor would he have refrained from doing so if such a request had been made. Mr. Bryant also produced correspondence from Petitioner and a relative, requesting documents relating to his sentencing (Court File No. 10, Exhibits 1-3). The first correspondence, a November 12, 2004 fax from Janice Teague requested Mr. Bryant send discovery materials and documentation from the case to Petitioner (*id.*, Exhibit 1). The second correspondence, a November 24, 2004 letter from Petitioner, requested similar documentation in order to permit Petitioner to organize an appeal (*id.*, Exhibits 2-3).

These communications weigh heavily against Petitioner's assertion that he instructed Mr. Bryant to file a notice of appeal. First, neither communication instructed Mr. Bryant to file a notice of appeal, alluded to any previous instruction to do so, indicated any assumption that he had done so, or contained any content that would be indicative of a situation where Mr. Bryant had refused or

neglected to do so (*see id.*, Exhibits 1-3). Second, the letter from Petitioner indicates that he himself would be organizing his appeal; the letter makes no mention of Mr. Bryant having any responsibility in the appeal (*id.*, Exhibit 3) ("[P]lease send me these things so I can get my appeal started"). Third, even if the communications could be read to constitute an instruction for Mr. Bryant to file a notice of appeal, which is not the case, the fax and letter were written well beyond the 10-day period afforded to Petitioner to file an appeal after his August 9, 2004 sentencing (*see id.*, Exhibits 1-3) . It would not be reasonable for Mr. Bryant to have filed a notice of appeal in response to those requests, knowing the 10-day period to file an appeal had long since passed.

As previously stated, Petitioner has the burden of establishing any claim asserted in support of his motion. *See Bowers*, 568 F.2d at 5; *Mayes*, 93 F. Supp. 2d at 886. In viewing the evidence as a whole, including Mr. Bryant's testimony, the November fax and letter, and the lack of detail involved in Petitioner's own assertion, Petitioner has failed to establish his claim that he specifically instructed Mr. Bryant to file a notice of appeal. When evidence exists weighing against the likelihood that a petitioner instructed his or her counsel to file a notice of appeal, that petitioner must provide something more than a bald-faced assertion to the contrary. Petitioner here failed to do so. Without a showing that Petitioner requested a notice of appeal to be filed, Petitioner has failed to establish a per se violation of his 6th Amendment right. *See Ludwig*, 162 F.3d at 459; *Peguero*, 526 U.S. at 28.

### B.      Adequacy of consultation

Petitioner's second ground for alleging ineffective assistance of counsel is that Mr. Bryant failed to adequately consult with him concerning the possibility of an appeal (*see* Court File No. 2, p. 21). Petitioner argues consultation was necessary in this case because a Supreme Court case, decided less than two months prior to the sentencing, could have materially altered the law as it

7

applied to Petitioner's sentence (Court File No. 2, p. 18). Petitioner argues *Blakely v. Washington*, 542 U.S. 296 (June 24, 2004) called into question the extent to which a trial judge could make determinations in the sentencing phase, resulting in an increase in the defendant's sentence, which were not made by a jury. Here, the increase in Petitioner's sentence was based upon an enhancement for reckless endangerment due to evidence, before the sentencing judge, that (a) Petitioner nearly ran over another man involved in a drug transaction while attempting to escape police capture, and (b) Petitioner rammed a police car with his car (August 9, 2008 hearing transcript, pp. 4-5).

When considering whether Mr. Bryant provided adequate consultation to Petitioner concerning the opportunity for an appeal, the Court must consider the entirety of the surrounding circumstances to determine whether Petitioner received information sufficient to provide him a fair opportunity to exercise his right to appeal.[1] *See Roe*, 528 U.S. at 477, 480-81. At a minimum, a petitioner must be informed of his right to appeal, how to seek to effectuate that appeal, and the time constraints he or she faces in doing so. *See Roe*, 528 U.S. at 480-81 (explaining, in certain circumstances, a sentencing court's instructions as to the defendant's right to appeal could be sufficient so as to alleviate the need for further consultation from counsel). Furthermore, when a non-frivolous ground for appeal exists, such that a rational defendant would want to appeal, a petitioner must also be informed of that basis for appeal. *See id.* at 481 (identifying a constitutional duty to consult with a defendant when a rational defendant would want to appeal - for instance, where a non-frivolous ground for appeal exists).

---

[1] Although this Court would prefer to see proof of the more exhaustive standard espoused by Justice Souter in his dissent in *Roe*, involving detailed, post-sentence consultation of the availability of grounds to appeal and the prudence of doing so, *see* 528 U.S. at 488-93, the constitutional standard is whether counsel's action was objectively reasonable so as "to ensure criminal defendants receive a fair trial," or, as here, a fair opportunity to exercise their right to appeal, *id.* at 480-81.

Here, the sentencing judge specifically informed Petitioner of his right to appeal, the method by which he would need to seek it, and the time period within which such an appeal would need to be filed (August 9, 2008 hearing transcript, p. 10) ("Mr. Teague, you do have the right to appeal your sentence. If you wish to appeal it, discuss that with your attorney, and a notice of appeal will have to be filed within 10 days if you want to appeal.") Furthermore, the transcript from the August 9, 2004 sentencing hearing shows that Mr. Bryant had consulted with Petitioner, *prior* to his sentencing hearing, concerning a potential appeal based upon the application of the reckless endangerment enhancement (August 9, 2008 hearing transcript, p. 4) (Mr. Bryant: "I think as I explained to [Petitioner] if he wanted to bring an appeal on his sentence at some point in time and he did not object to [a reckless endangerment sentence enhancement] at the sentencing hearing before the sentencing hearing (sic) he would be waiving that [right]."). The application of a reckless endangerment enhancement was the factual basis for Petitioner's argued *Blakely* challenge to his sentence (*see* Court File No. 2, p. 18).

Mr. Bryant's pre-sentence consultation, when taken together with the sentencing court's express instructions about Petitioner's right to appeal, informed Petitioner how to effectuate an appeal, when that needed to be done, and upon what ground it could be based. Having been informed of the ability, method, time frame, and ground for an appeal, this Court has no basis to find that Petitioner was not afforded a fair opportunity to exercise his right to appeal.[2] Under the facts

---

[2]When determining whether counsel acted objectively reasonable, a court must take into account all the information counsel knew or should have known at the time of sentencing. *Roe*, 528 U.S. at 480. One factor the Supreme Court listed as "highly relevant" was whether the conviction followed a trial or guilty plea, "because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* Here, this was not a significant factor. Petitioner has provided no evidence that he passively desired or actively sought to file an appeal within the 10 days after his sentencing, nor was Mr. Bryant able to recall specifics in this case which might permit the Court to infer defendant, at the

9

before this Court, the consultation provided to Petitioner was objectively reasonable and satisfy the requirements of the 6th Amendment as further articulated in *Roe*, 528 U.S. at 470.

IV.    **CONCLUSION**

I find that Petitioner failed to prove his ineffective assistance of counsel claim based upon an alleged failure of his lawyer to file a direct appeal. Petitioner has failed to establish two essential parts of his claim. First, Petitioner failed to establish that he made a request to Mr. Bryant to file a notice of appeal. Second, Petitioner failed to demonstrate that circumstances surrounding his sentencing, including consultation by his counsel and the sentencing judge, were such that he did not have a fair opportunity to exercise his right of appeal. Therefore, I **RECOMMEND** that the Court **DENY** the Petitioner's § 2255 motion (Court File No. 1).[3]

Dated: November 6, 2008         *s/William B. Mitchell Carter*
                                 UNITED STATES MAGISTRATE JUDGE

---

time of sentencing, had a desire to end judicial proceedings in the manner envisioned by the Supreme Court in *Roe*.

[3]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7, 106 S. Ct. 466, 472 n.7, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).